UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAWAN JONES,

                Plaintiff,

  v.                                        **DECISION AND ORDER**
                                                  07-CV-276S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      In this case, Plaintiff Dawan Jones challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he was disabled between April 14, 2004, and July 17, 2005, due to a right knee injury, left knee deterioration, hypertension, sleep apnea, and GERD[1]. Plaintiff contends that these impairments rendered him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

      2.      Plaintiff filed his application for disability insurance benefits on June 22, 2004. After his application was denied, Plaintiff requested a hearing before an ALJ. The ALJ conducted a video teleconference hearing on October 19, 2005, at which Plaintiff appeared with counsel and testified. The ALJ considered the case *de novo*, and on December 19, 2005, issued a written decision denying Plaintiff's application for benefits. On March 15, 2007, the Appeals Council denied Plaintiff's request for review.

---

[1] Gastroesophageal Reflux Disease.

1

3.      Plaintiff filed this action challenging Defendant's final decision on April 26, 2007.[2] On December 20, 2007, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a Motion for Judgment on the Pleadings the next day. After briefing was completed on May 9, 2008, this Court took the motions under advisement without oral argument. For the following reasons, Defendant's motion is denied, Plaintiff's motion is granted, and this case will be remanded to the Commissioner for further proceedings consistent with this decision.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[2] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

      7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts:  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff did not engage in substantial gainful activity during his closed period of disability (R. at 23);[3] (2) Plaintiff's right knee degenerative joint disease, obesity, and affective disorder were severe impairments within the meaning of the Act during the closed period of disability (R. at 24); (3) Plaintiff's impairments did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 24); (4) Plaintiff retained the residual functional capacity for "[s]imple, repetitive work; alternate sitting and standing, as needed; lift and carry 10 pounds or less; no squatting, repetitive bending, or climbing stairs; no crawling or kneeling; can use a cane if needed to walk" (R. at 24); (5) Plaintiff was unable to perform his past relevant work as a patrol officer (R. at 24); and (6) Plaintiff was a "younger individual" who retains a residual functional capacity to perform work available in the national economy (R. at 24).  Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act during the closed

---

[3] Citations to the underlying administrative record are designated as "R."

period. (R. at 24.)

10.     Plaintiff maintains that the ALJ's decision is not supported by substantial evidence. He first argues that the ALJ failed to consider or explain why he did not consider his treating physician's statements that he was "totally disabled." (R. at 96, 98, 109, 111, 114, 116, 118, 383, 385, 387, 393.)

Under the "treating physician rule,"[4] an ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

The treating physician's rule requires that only a physician's *medical* opinions be given controlling or extra weight. 20 C.F.R. § 404.1527(d); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). The disability determination is reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act). Consequently, an ALJ is not required to accept a treating physician's conclusion that a plaintiff is totally disabled.

In this case, the record contains multiple notations by Plaintiff's treating physician, Michael T. Grant, M.D., that Plaintiff was totally disabled. (R. at 96, 98, 109, 111, 114, 116, 118, 383, 385, 387, 393.) Despite this, the ALJ concluded that "[n]o treating or examining physician stated that he was permanently disabled. . . ." (R. at 21). And although the ALJ discussed some of the medical evidence from Dr. Grant, she does not explain what weight she afforded his medical opinions or why she disagreed with his disability conclusion. (R. at 19.) Such an explanation is required in this Circuit. See Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999); 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons . . . for the weight we give your treating source's opinion.").

Accordingly, because the the ALJ failed to properly apply the treating physician rule, and did not adequately explain why Plaintiff's treating physician's opinion was not entitled to controlling or extra weight, this case will be remanded. On remand, the Commissioner shall consider Dr. Grant's medical evidence and opinions and fully explain her consideration of that evidence. See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y. 1991) (Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").

11. Second, remand is necessary because the ALJ failed to consider and discuss Plaintiff's employment history in her credibility determination. The ALJ concluded that "the claimant's allegations regarding his limitations are not totally credible." (R. at 24.) But the ALJ did not consider Plaintiff's good employment record. "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

Plaintiff has a 20-year work history, and returned to work when he was medically released to do so. (R. at 21, 58, 70.) The ALJ's observation that Plaintiff may not have had a financial incentive to return to work during the closed period because he received his full pay does not negate Plaintiff's substantial work history, or necessarily support the conclusion that he was feigning disability. (R. at 21.) Because of his work history, the ALJ was required to either afford "substantial credibility" to Plaintiff's claim that he was unable to work because of his disability, or specifically state in her decision why Plaintiff was not credible despite his work history. Rivera, 717 F.2d at 725. The ALJ, however, neither discussed Plaintiff's work history, nor indicated what weight, if any, she afforded it. The

7

credibility finding therefore does not comply with the governing case law.  Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and explain what weight she affords it.

12. Plaintiff also argues that the ALJ failed to adequately develop the record by neglecting to seek clarification from Dr. Grant.  This Court offers no opinion on this argument since the case is being remanded.  On remand, the ALJ is free to seek further clarification if she deems it necessary.

13. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   September 18, 2008
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge